UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| GREATER ST. LOUIS CONSTRUCTION LABORERS WELFARE FUND, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No. 4:07CV1393 HEA |
| BENCO LANDSCAPE CONSTRUCTION CO., | ) ) ) | |
| Defendant. | ) | |

# **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's Motion to Dismiss Counts I and II, [Doc. No. ]. Plaintiffs oppose the motion. For the reasons set forth below, the motion is granted. Leave to amend will be granted.

## **Facts and Background**

Plaintiffs are certain employment welfare plans and their trustees. Plaintiffs seek recovery of monthly payments to the welfare plans in accordance with ERISA and collective bargaining agreements. Defendant seeks dismissal for failure to state a cause of action under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff opposes the motion.

## **Motion to Dismiss Standard**

The purpose of a motion to dismiss is to test the sufficiency of the complaint.

On May 21, 2007, the Supreme Court determined that *Conley v. Gibson's*, 355 U.S. 41, 45-46 (1957), "no set of facts" language "has earned its retirement." *Bell Atlantic Corp. v. Twombly,* --- U.S. ----, ----, 127 S.Ct. 1955, 1969 (May 21, 2007). Noting the plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief,'" the Supreme Court held that a viable complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic,* 127 S.Ct. at 1964-65, 1974. In other words, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 1965. The Supreme Court explained that this new standard "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of [the claim or element]." *Id.* On the other hand, the Court noted that "of course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of the facts alleged is improbable, and 'that a recovery is very remote and unlikely.'" *Id.* (quoting *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974)). "[P]rior rulings and considered views of leading commentators" can assist in assessing the plausibility of the plaintiffs' allegations. *Id.* at 1966.

When considering a motion to dismiss, courts are still required to accept the complaint's factual allegations as true. *Id.* at 1965. All reasonable inferences from the complaint must be drawn in favor of the nonmoving party. *Crumpley-Patterson*

*v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004). "In considering a motion to dismiss, courts accept the plaintiff's factual allegations as true, but reject conclusory allegations of law and unwarranted inferences." *Silver v. H & R Block, Inc.,* 105 F.3d 394, 397 (8th Cir. 1997).

## **Discussion**

Defendant seeks dismissal of Counts I and II, which comprise all counts of the Complaint, because Plaintiff has failed to allege which collective bargaining agreements subject it to mandatory payments to the funds. While Plaintiff's Complaint alleges that Defendant "was bound by the provisions of the collective bargaining agreements, requiring monthly payments to the Welfare, Pension, Vacation and Training Funds in specified amounts and the submission of monthly report forms," this allegation fails to set forth to which agreements Defendant is a party obligating it to pay.

Defendant's motion is well taken under the *Twombly* standard. The Complaint fails to state facts which give rise to a duty upon Defendant. Plaintiffs' position that it has sufficiently stated a claim neglects to recognize the standard set out in *Twombly* and fails to acknowledge that no specific collective bargaining agreement is referenced in its complaint. While the Court agrees that every detail is not required and that the specific facts surrounding the claim can be developed

through discovery, *Twombly* requires Plaintiffs to set forth a sufficient factual basis which establishes that Plaintiffs are entitled to relief. Plaintiffs' nebulous reference to "the collective bargaining agreements" fails to do so.

## Conclusion

Based upon the foregoing, the Court agrees that the Complaint herein fails to sufficiently allege a cause of action against Defendant. As such, the Complaint will be dismissed, with leave to amend.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss, [Doc. No. 4], is GRANTED.

**IT IS FURTHER ORDERED** that Plaintiffs are granted leave to file an Amended Complaint within 14 days from the date of this Order.

Dated this 15th day of October, 2007.

_____
  HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE