UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GREATER ST. LOUIS CONSTRUCTION ) <br> LABORERS WELFARE FUND, et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> BENCO LANDSCAPE CONSTRUCTION, ) <br> INC., ) <br> ) <br> Defendant. ) | Case No. 4:07CV1393 HEA |

## **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiffs' Motion for Specific Performance or Permanent Injunctive Relief, [Doc. No. 27]. Defendant has not responded to the Motion.[1] For the reasons set forth below, the Motion is granted.

Plaintiffs are the Trustees of the Greater St. Louis Construction Laborers Pension, Welfare, Vacation and Training Funds. They brought this action on behalf of the Laborers Funds against Defendant Benco Landscape Construction, Inc. seeking the collection of delinquent contributions owed to the Laborers Funds by Defendant. On March 25, 2008, the Court granted Plaintiffs' Motion for an accounting in order to determine the amounts owed by Defendant. Plaintiffs now

---

[1] Pursuant to the Court's Local Rules, failure to file a response can be construed as a concenssion to the Motion.

seek injunctive relief enforcing a Collective Bargaining Agreement requirement that Defendant obtain a surety bond or irrevocable letter of credit guaranteeing the payment of fringe benefit contributions.

Defendant is a signatory to a Collective Bargaining Agreement (CBA) between Laborers Local 42 and the Site Improvement Association of St. Louis that covers the performance of laborers work. Defendant signed the CBA on April 10, 2007. The payment of fringe benefit contributions to the Laborers Funds is a requirement of the CBA. Defendant has failed to submit any reports since it became a signatory.

The contractual provision of the CBA which requires contractors to post a surety bond or irrevocable letter of credit provides:

> The Employer shall secure and maintain surety bond in the minimum amount of $25,000.00 to guarantee payment of all wages, fringes, and contributions provided for herein and shall furnish to the Union evidence of the procurement and maintenance of bond in such amount.

Defendant has not provided such a surety bond or irrevocable letter of credit as required under the CBA. Moreover, Defendant has failed to submit any explanation or justification for the failure to do so.

The Court agrees with Plaintiffs that Defendant's failure to secure a surety bond or irrevocable letter of credit is in contravention with the CBA to which

Defendant is a signatory. In order to prevent future losses to Plaintiffs and in accordance with the CBA, Defendant will be required to comply with the terms of the CBA within 10 days.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Specific Performance or Permanent Injunctive Relief, [Doc. No. 27], is **GRANTED**.

**IT IS FURTHER ORDERED** that the defendant shall procure, within 10 days from the date of this Order, and maintain a surety bond or irrevocable letter of credit as required by the CBA.

**IT IS FURTHER ORDERED** that in the event Defendant fails to secure a surety bond or irrevocable letter of credit within 10 days from the date of this Order, Defendant will, without further order of Court, be enjoined from performing any work within the geographical jurisdiction of the Union until the surety bond or irrevocable letter of credit required by the CBA is obtained.

Dated this 25th day of March, 2008.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE